IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LUIS ANTONIO HERNANDEZ,

    Petitioner,

  v.

JAMES E. TILTON, and MIKE EVANS,

    Respondents.

No. C 06-07778 WHA

**ORDER TO SHOW CAUSE**

## INTRODUCTION

Petitioner Luis Antonio Hernandez is serving fifteen years to life in California state prison. In his petition for a writ of habeas corpus and the accompanying memorandum, he has stated valid claims under 28 U.S.C. 2254. Respondents are **ORDERED TO ANSWER** the petition.

## STATEMENT

Petitioner was convicted in state court of committing forcible rape of a child under 14 who was more than 10 years younger than petitioner, pursuant to California Penal Code Section 269(a). The sentencing judge imposed a sentence of fifteen years to life. Petitioner's conviction was upheld by the California Court of Appeal on November 25, 2003. In May 2005, petitioner filed a habeas corpus petition with the San Mateo Superior Court. That petition was denied on June 15, 2005. The California Court of Appeal affirmed the denial of habeas corpus

on September 13, 2005. The California Supreme Court denied petitioner's request for review of the denial of his state habeas petition on December 21, 2005.

## ANALYSIS

**1.     STANDARD OF REVIEW.**

A district court may entertain a habeas petition filed by someone in custody pursuant to a state-court judgment but only on grounds that he or she is held in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. 2254(a). A court may "issue an order directing the respondent to show cause why the writ should not be granted," unless the petition is baseless. 28 U.S.C. 2243. Summary dismissal is appropriate only if the petition's allegations are vague, conclusory, incredible or frivolous. *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

**2.     PETITIONER'S LEGAL CLAIMS.**

Petitioner argues that his rights under the Sixth, and Eighth, and Fourteenth Amendments were violated. *First*, petitioner contends that he was denied his right to an interpreter at a pretrial hearing in which he tried to have his appointed attorney relieved and to have a new attorney appointed. *Second*, petitioner contends that he was denied the assistance of an interpreter at trial. *Third*, petitioner contends that he was denied the effective assistance of counsel at trial when counsel: (1) failed to try to exclude inculpatory evidence and (2) failed to investigate and secure the assistance of an expert who would have explained how physical evidence used against petitioner actually exculpated petitioner. *Fourth*, petitioner contends that he was denied the effective assistance of counsel on appeal when counsel failed to obtain a transcript of the first portion of a bifurcated sentencing proceeding, thereby rendering appellate review of petitioner's sentencing proceedings impossible. *Fifth*, petitioner contends that his sentence constitutes cruel and unusual punishment, in light of his individual culpability and the nature of his crime. Petitioner states valid claims. Respondents therefore must answer.

**CONCLUSION**

The **CLERK IMMEDIATELY SHALL SERVE** respondents' counsel with a copy of the petition and memorandum of points and authorities, all attachments to it, and this order. **RESPONDENTS SHALL FILE AND SERVE UPON PETITIONER, BY MARCH 5, 2007, AN ANSWER** conforming to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. Respondents shall, by that date, also serve all other materials required by Habeas Local Rule 2254-6(b). The record must be indexed. If petitioner wishes to respond to the answer, he shall file a **TRAVERSE WITH THE COURT AND SERVE IT UPON RESPONDENTS WITHIN THIRTY DAYS OF SERVICE OF THE ANSWER**.

**IT IS SO ORDERED.**

Dated: January 3, 2007

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE