IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS ANTONIO HERNANDEZ,<br><br>　　　　Petitioner,<br><br>　v.<br><br>JAMES E. TILTON,<br><br>　　　　Respondent.<br>　　　　　　　　　　　　　　　　／ | No. C 06-07778 WHA<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND VACATING HEARING** |

**INTRODUCTION**

In this habeas corpus proceeding, respondent moves to dismiss the petition as untimely. For the following reasons, respondent's motion is **GRANTED**. Petitioner's habeas petition is **DISMISSED WITHOUT LEAVE TO AMEND**.

**STATEMENT**

On May 9, 2002, a jury convicted petitioner Luis Antonio Hernandez on forcible-rape and other sexual-assault charges. On August 8, 2002, petitioner was sentenced to 15 years to life in state prison.

Following the sentencing proceeding, petitioner pursued a direct appeal in the California Court of Appeal. On November 25, 2003, the California Court of Appeal upheld petitioner's conviction. Petitioner did not seek review in the Supreme Court of California. Petitioner's Court of Appeal judgment became final on December 25, 2003. For statute-of-limitations purposes of the Antiterrorism and Effective Death Penalty Act of 1996, the time for him to seek

1 discretionary review of that decision in the Supreme Court of California expired ten days later
2 on January 5, 2004. Cal. R. of Ct. 8.264(b), 8.500.

3      As petitioner alleges in his opposition, on January 6, 2005 — 366 days later —
4 petitioner filed his first state habeas corpus petition in San Mateo Superior Court.[1] That petition
5 was ultimately denied on June 15, 2004. On July 12, 2005, petitioner filed a subsequent
6 petition in the California Court of Appeal. That petition was denied on September 13, 2005.
7 Petitioner then requested review in the Supreme Court of California on October 24, 2005. The
8 Supreme Court of California denied petitioner's request for review on December 21, 2005. For
9 AEDPA statutory-tolling purposes, the decision became final on that date.
10 Cal. R. of Ct. 8.532(b)(2)(C).

11      On December 19, 2006 — 363 days later — petitioner filed a federal habeas corpus
12 petition in this Court. On January 3, 2007, this Court ordered respondent to show cause why
13 the petition should not be granted. Respondent subsequently filed this motion to dismiss the
14 petition as untimely. Petitioner then filed an untimely opposition to respondent's motion.[2]

15      In his opposition, petitioner raises new facts that are pertinent to his defense against
16 respondent's motion and request for equitable tolling. Petitioner alleges that any delay in filing
17 his federal petition was due to his attorney's miscalculations of the limitations period (Peterson
18 Decl. ¶ 5). Petitioner also asserts that while switching attorneys in September of 2005, his
19 subsequent counsel received an incomplete version of his file, which might have added to his
20 attorney's confusion and delay in filing his federal petition.[3]

---

[1] While there is an issue as to whether this first filing constituted a "properly filed application" for 28 U.S.C. 2244(d)(2) purposes, *see Artuz v. Bennett*, 531 U.S. 4, 8–9 (2000), the analysis is the same without having to resolve this issue. This order will treat January 6, 2005, as the date when petitioner first filed a state habeas petition for statutory tolling purposes.

[2] Respondent also filed a late reply and did not allege any prejudice caused by petitioner's untimely opposition. Both late-filed documents will be accepted.

[3] Petitioner alleges that the file was missing a complete copy of his California Court of Appeal petition and some of the legal research and correspondence relating to that petition (*id.* at ¶ 5).

## ANALYSIS

**1. TIMELINESS AND STATUTORY TOLLING.**

The AEDPA places a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. 2244(d). Relevant to this analysis, that period begins "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. 2244(d)(1)(A). Under 28 U.S.C. 2244(d)(2), however, the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is *pending* shall not be counted toward any period of limitation." In other words, any "pending" request for post-conviction relief in state court "tolls the [one-year] statute of limitations" period. *Biggs v. Duncan*, 339 F.3d 1045, 1047–48 (9th Cir. 2003) (emphasis added). An application is considered to be "pending," however, only in limited circumstances.

On the one hand, the time between the final judgment in the petitioner's last direct appeal — including the time to file an appeal therefrom — and the time when the petitioner first files a state habeas petition is *not* considered "pending" for statutory tolling purposes. This means the Section 2244(d) "clock" begins to run after the time to file an appeal expires. Any subsequent delay in filing a state habeas petition counts against the petitioner's one-year federal habeas filing deadline. *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).

On the other hand, time is tolled while a state court reviews a habeas petition. Additionally, the time between a lower state court's final decision on a habeas petition and the filing of a new petition in a higher state court is "pending" as long as the petitioner did not "unreasonably delay" in seeking review with the higher court. *Carey v. Saffold*, 536 U.S. 214, 221–23 (2002); *accord Nino*, 183 F.3d at 1006. However, "section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

3

There is some dispute as to the relevant timeline in this case. But even liberally construing this timeline in favor of petitioner, there is no question that his federal petition was untimely. The day before petitioner filed his first state habeas petition on January 6, 2005, petitioner had "used" all of the 365 days allotted for filing his federal habeas petition. *See Nino*, 183 F.3d at 1006. As of that date, therefore, his AEDPA statute of limitations had fully expired. Petitioner's state habeas could not have "continuously tolled" the AEDPA limitations period during state habeas review because the limitations period had already passed. As the Ninth Circuit has clearly held, "section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed." *Ferguson*, 321 F.3d at 823. By filing his state petition after the expiration of the AEDPA's one-year limitations period, therefore, petitioner foreclosed his opportunity to file a federal habeas petition altogether. The statutory tolling issues that petitioner asserts are thus irrelevant.

Accordingly, even when viewed in a light most favorable to petitioner, his December 2006 petition was undisputedly overdue. Unless petitioner proves his eligibility for equitable tolling during this entire delay, his petition is barred as a matter of law.

**2.    EQUITABLE TOLLING.**

Petitioner requests the Court to equitably toll the AEDPA limitations period during the time of his delay. Petitioner argues that he is entitled to such tolling because of his attorney's due-date miscalculations and the difficulties he had when changing attorneys. If granted, equitably tolling the period of petitioner's delay would have the effect of rendering his petition timely. For the following reasons, however, this order finds that petitioner is not entitled to equitable tolling for his lengthy delay.

The Ninth Circuit has recognized that the Section 2244(d) limitations period may be equitably tolled under certain "extraordinary circumstances." *Calderon v. United States District Ct. (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds by Calderon v. United States District Ct. (Kelly)*, 163 F.3d 530 (9th Cir. 1998). The Ninth Circuit has "made clear, that equitable tolling is 'unavailable in most cases.'" *Miranda v.*

4

*Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotations omitted). "Indeed, the threshold necessary to trigger equitable tolling [under the AEDPA] is very high, lest the exceptions swallow the rule." *Ibid*. Equitable tolling is only appropriate when "*extraordinary circumstances* beyond a prisoner's control make it *impossible* to file a petition on time." *Beeler*, 128 F.3d at 1288 (emphasis added). The petitioner asserting entitlement to equitable-tolling relief "bears the burden of showing that this extraordinary exclusion should apply." *Miranda*, 292 F.3d at 1065. As such, the petitioner must establish "(1) that he has been pursuing his rights diligently, (2) that some extraordinary circumstances stood in his way," and (3) that these "'extraordinary circumstances' were the cause of his untimeliness." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).

"As a discretionary doctrine that turns on the facts and circumstances of a particular case, equitable tolling does not lend itself to bright-line rulings." *Spitsyn*, 345 F.3d at 801 (quoting *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999)). Accordingly, "[a] habeas petitioner . . . should receive an evidentiary hearing when he makes 'a good faith allegation that would, if true, entitle him to equitable tolling.'" *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006) (quoting *Laws v. MaMarque*, 351 F.3d 919, 919 (9th Cir. 2003)).

In *Frye v. Hickman*, 273 F.3d 1144 (9th Cir. 2001), the Ninth Circuit held that an attorney's general negligence and miscalculation of the limitations deadline did "*not* constitute extraordinary circumstances" that warranted equitable tolling in a non-capital habeas case (*i.e.* where the petitioner has no statutory right to counsel). *Id.* at 1146. A year later, in *Miranda*, the Ninth Circuit faced a similar factual scenario involving attorney misrepresentation and reaffirmed its position. 292 F.3d at 1066–68. Most recently, in *Lawrence v. Florida*, __ U.S. __, 127 S. Ct. 1079 (2007), the Supreme Court plainly foreclosed a habeas petitioner from using this type of attorney mistake as a basis for an equitable tolling request. *Id*. at 1085. The Court held — without actually deciding whether equitable tolling was available under Section 2244(d) — that "[a]ttorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to

5

counsel." The Supreme Court added that "[i]f credited, this argument would essentially equitably toll limitations periods for every person whose attorney missed a deadline." *Ibid*.

In *Spitsyn*, however, the Ninth Circuit found that some sufficiently egregious attorney misconduct could justify equitable tolling in a habeas case where the petitioner had no statutory right to counsel. *See* 345 F.3d at 800–01. There, the petitioner's family retained an attorney, gave the attorney the petitioner's case file, and hired him to prepare and file the petitioner's federal habeas petition. After months of no response from the attorney, the petitioner and his family tried — unsuccessfully — to contact the attorney numerous times to check on the status of the petition and complain about his unavailability. They even reported the attorney's misconduct to the state bar association. Despite their efforts, the attorney failed to file the petition. When the petitioner finally filed it as a *pro se* litigant, the district court found the petition time-barred. Distinguishing the facts from those at issue in *Frye* and *Miranda*, the Ninth Circuit reversed the district court's time-based dismissal and found that equitable tolling of the AEDPA was appropriate under these extraordinary circumstances. The Ninth Circuit recognized that while "ordinary attorney negligence will not justify equitable tolling, . . . where an attorney's misconduct is sufficiently egregious, it may constitute an 'extraordinary circumstance' warranting equitable tolling." *Id.* at 800. The Ninth Circuit remanded the case for the district court to determine if the petitioner had "exercised reasonable diligence in ultimately filing his petition." *Id.* at 802.

In his opposition, petitioner contends that he is entitled to equitable tolling. As a basis for equitable tolling, he asserts that his attorney made a mistake in calculating the Section 2244(d) statute of limitations deadline for filing his federal petition. Additionally, he alleges that this mistake was enhanced by switching counsel in September of 2005. Counsel readily admits that his mistake led to an untimely filing of the petition (Peterson Decl. ¶ 5).

In support of his contention, petitioner cites to out-of-circuit cases that are factually and legally distinguishable. This order finds that petitioner is not entitled to equitable tolling based on the clear Ninth Circuit and Supreme Court authority cited above.

6

*First*, petitioner's present attorney's alleged miscalculation is not even relevant under the facts as petitioner presents them. The above timeline indicates that, as of September 20, 2005 — the date his new attorney took over his case — the allotted 365 days to file his federal habeas petition had already expired. *See Nino*, 183 F.3d at 1006. "[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). Even if his miscalculation and changing attorneys could be considered "extraordinary circumstances" preventing him from filing his petition, petitioner could not show they were the "cause of his untimeliness," as required by the Ninth Circuit. *See Spitsyn*, 345 F.3d at 799. Nowhere does petitioner even present an excuse — let alone "extraordinary circumstances" — for his delay in the first 365 days. Because petitioner fails to even allege such justification for this lapse, this order is unable to grant petitioner's request for equitable tolling. *See Beeler*, 128 F.3d at 1288.

*Second*, even assuming *arguendo* that some of petitioner's first 365 days were equitably tolled, the Supreme Court has recently made it very clear that mere attorney miscalculation is not a basis for equitable tolling. *See Lawrence*, 127 S. Ct. at 1085. Petitioner simply does not allege the type of "egregious" attorney misconduct that was present in *Spitsyn*. *See Spitsyn*, 345 F.3d at 799–801. Instead, petitioner clearly alleges circumstances similar to those of *Frye* and *Miranda*. *See Frye*, 273 F.3d at 1146 (attorney's "negligence in general" handling petitioner's habeas petition and mistake in calculating limitations period resulting in untimely filing); *Miranda*, 292 F.3d at 1066–68 (petitioner filed late after relying on erroneous statute of limitations advice from appointed counsel). The Ninth Circuit has continuously held that such attorney negligence does not rise to the level of "extraordinary circumstances" that could justify equitable tolling. *See ibid.*; *Spitsyn*, 345 F.3d at 800. As such, this Court is without authority to grant petitioner the relief he requests.

Additionally, petitioner's excuse that his transition between attorneys made it more difficult for his present attorney to file his petition is not persuasive and does not present a

7

scenario where it was "impossible" for petitioner to file a timely petition. *See Beeler*, 128 F.3d at 1288. According to his attorney's declaration, he was missing some legal research, correspondence, and a full copy of the previously-filed state court of appeal petition — which was likely on file with the court — when he first received the file on September 20, 2005. Yet, petitioner did not file his federal habeas petition until *December 19, 2006*, which was 364 days after he had exhausted his state remedies. A few days or weeks late *might* have been excusable. But nearly a year late is not, especially when dealing with a strict AEDPA deadline. Regardless of the validity of this proffered excuse, however, petitioner's lawyer admits that the miscalculation of the deadline was the true cause of the petition's untimeliness (Peterson Decl. ¶¶ 5–8). Since only the actual "cause" of the untimeliness is at issue, petitioner's ancillary difficulties in switching attorneys is not relevant to this discussion. *See Spitsyn*, 345 F.3d at 799.

*Third*, petitioner does not make the required showing that he was reasonably diligent in pursuing his petition. *See Pace*, 544 U.S. at 418. Clearly, however, petitioner has not met the other necessary elements of his request. The Court is therefore not required to further probe into whether petitioner actually meets the "reasonable diligence" prong. *See Spitsyn*, 345 F.3d at 802.

Because petitioner's allegations — even if true — would not "entitle him to equitable tolling," he is not entitled to an evidentiary hearing on the issue of equitable tolling. *Roy*, 465 F.3d at 969. For the reasons stated above, therefore, petitioner's request for equitable tolling is **DENIED**.

    **3.**    **"ACTUAL INNOCENCE" GATEWAY.**

Petitioner argues that he is entitled to have his petition decided on the merits because he is "actually innocent." Petitioner asserts, therefore, that his actual innocence should override any AEDPA statute of limitations barrier. While petitioner is correct that actual innocence might justify entertaining petitioner's untimely petition on the merits, petitioner does not make the requisite showing to warrant such relief.

Under the actual-innocence gateway established in *Schlup v. Delo*, 513 U.S. 298 (1995), a petitioner's barred claim may be considered on the merits if his claim of actual innocence is sufficient to implicate a fundamental miscarriage of justice. *See Majoy v. Roe*, 296 F.3d 770, 775–76 (9th Cir. 2002).

> In order to pass through *Schlup*'s gateway, and have an otherwise barred constitutional claim heard on the merits, a petitioner must show that, in light of all the evidence, including evidence not introduced at trial, "it is more likely than not that not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." A petitioner need not show that he is "actually innocent" of the crime he was convicted of committing; instead, he must show that "a court cannot have confidence in the outcome of the trial."

*Id.* at 776 (quoting *Schlup*, 513 U.S. at 327).

Petitioner fails to establish that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt. Petitioner presents no new evidence or circumstances beyond that already considered by the jury in his own trial and the state courts in his subsequent habeas petitions. Petitioner's insufficient showing forecloses his "pass[age] through *Schlup*'s gateway" to have his claims heard on the merits. *Ibid*.

## CONCLUSION

For the foregoing reasons, respondents motion to dismiss petitioner's habeas petition is **GRANTED**. As such, the petition is **DISMISSED WITHOUT LEAVE TO AMEND**. Finding no further argument necessary, the hearing on this motion is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: May 14, 2007

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

9