IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS ANTONIO HERNANDEZ, | No. C 06-07778 WHA |
| Petitioner, | |
| v. | **ORDER GRANTING CERTIFICATE OF APPEALABILITY** |
| JAMES E. TILTON, | |
| Respondent. | |

Petitioner Luis Antonio Hernandez filed a petition for writ of habeas corpus in this case pursuant to 28 U.S.C. 2254. By order dated May 14, 2007, this Court dismissed the petition on the ground that it was filed beyond the one-year statute of limitations. Judgment was entered in favor of respondent the same day. On June 4, 2007, petitioner filed a notice of appeal and an application to proceed *in forma pauperis*. Although petitioner did not request a certificate of appealability, the notice of appeal will be deemed such a request under 28 U.S.C. 2253(c). *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).

A district court judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2). Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy Section 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). When the district court, as here, denies a habeas

petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue when the petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*. at 484.

Given this standard, the Court certifies the following issues for appeal:

1. Whether petitioner is entitled to equitable tolling because of his attorney's miscalculations of the limitations period and complications while petitioner was switching attorneys; and

2. Regardless of the timeliness of the instant petition, whether petitioner is entitled to relief under the standard set forth in *Schlup v. Delo*, 513 U.S. 298 (1995).

As mentioned, petitioner also seeks to proceed on appeal *in forma pauperis* under Federal Rule of Appellate Procedure 24(a). Under the rule, a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court and attach an affidavit thereto that: (i) shows the party's inability to pay or give security for fees and costs; (ii) claims an entitlement to redress; and (iii) states the issues that the party intends to present on appeal. *See* Fed. R. App. P. 24(a)(1). Having reviewed petitioner's submission in this case, this order finds that petitioner is indigent and may proceed on appeal without prepaying or giving security for fees and costs. His motion to proceed *in forma pauperis* is thus **GRANTED**.

The Clerk of the Court shall transmit the file, including a copy of this order, to the Court of Appeals for the Ninth Circuit.

**IT IS SO ORDERED.**

Dated: June 26, 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2